No. 25187.

THE PEOPLE OF THE STATE OF COLORADO
*v.* JAMES W. HEYER.
(489 P.2d 1042)

Decided October 18, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy; L. JAMES ARTHUR, Assistant, for The People of the State of Colorado.

JAMES W. HEYER, pro se.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

MR. HEYER, you stand here today before this Honorable Court in connection with a complaint made against you in which you have been charged with conducting

yourself in a manner contrary to the highest standards of honesty, morality and professional ethics in several cases. These matters were referred to the Grievance Committee of our Court which held a hearing thereon and made its report and recommendations to us. You were directed to file exceptions to that report if you cared to do so. You did not file such exceptions.

With regard to the first charge against you, our Committee found that in action No. 9337 in the United States District Court for the District of Colorado, you were to appear before Judge Chilson at 9:30 a.m. You did not appear until 10:25 a.m., and when you did appear you moved to dismiss the matter because of lack of jurisdictional amount, although you were the plaintiff who had filed the suit in the first instance invoking the jurisdiction of the Federal Court. There was no excuse for waiting until the date of trial to have this matter dismissed because of the jurisdictional amount.

With regard to the second charge, the Committee found that you were required to be in Arapahoe County in Case No. 25419 for trial on September 2, 1969 before a jury. On the date set for trial, you appeared and moved for a continuance without giving any prior notice to the court or opposing counsel of this intention. The case was reset for April 6, 1970, and this time neither you nor your client appeared at all, and you failed to advise the court or opposing counsel for your intention not to be present. You were cited to appear and pay various costs incurred by reason of your various derelictions with regard to this case. You agreed to comply with the court's instructions by May 21, 1970. You did not do so until April 5, 1971, a few days before the Grievance Committee hearing. The Committee also found that you failed to keep any of the appointments which you made with the member of the Grievance Committee assigned to investigate the charges against you. This manifests gross indifference and disregard toward the court, the jurors, and opposing counsel. By the foregoing conduct you have failed to "maintain

the respect due the courts of justice and judicial officers," contrary to the oath which you took upon your admission to the practice.

■ Your conduct, Mr. Heyer, has been extremely improper and contrary to the highest standards of professionalism. Lawyers are required by the obligations of their office to act with diligence in the affairs of their clients and in judicial proceedings. Conduct such as yours can only lead to contempt by the public for the calling which you profess.

Mr. Heyer, you are publicly reprimanded for your dereliction of duty, and your continuing status as a member of the Bar of this Court is in serious jeopardy. You are solemnly warned that repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for more severe disciplinary action.

You are assessed costs in this matter in the sum of $203.85, which you are directed to pay into the Registry of this Court within 60 days.