## No. 80SA237

### The People of the State of Colorado v. Gordon E. Bugg

(616 P.2d 133)

Decided September 8, 1980.

Linda Donnelly, Disciplinary Prosecutor, for Complainant.

Gordon E. Bugg, Pro se.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This disciplinary proceeding against Gordon E. Bugg (respondent) was resolved by the Grievance Committee on stipulated facts. The Grievance Committee recommended a six-month suspension with the right to automatic reinstatement at the expiration of that period. We approve the recommendation and suspend the respondent for six months from the issuance of this opinion. We also order the respondent to pay the costs incurred.

The respondent was admitted as a member of the bar of this Court on October 3, 1967. He has no previous record of professional misconduct except for a letter of admonition in 1976. In a stipulation he has admitted violations of the Code of Professional Responsibility and a breach of his professional duties to this Court. He asserted mitigating circumstances before the Grievance Committee which it accepted as having some impact on the respondent's misconduct.

In this case, the respondent was guilty of two serious derelictions of duty in handling the affairs of two separate clients. The respondent failed to process an estate for four years, and no justification exists for his neglect of client's work. The respondent also failed to communicate with his clients, causing his clients great inconvenience and unwarranted travel expenses to determine the status of the estate.

The most severe criticism leveled at the respondent concerns his failure to file a quiet title action. He represented to his client that a quiet title action had been filed, when in fact, no action had been filed. He then told his client that the court had cleared the title, when the title contained a flaw and was clouded by a quitclaim deed. The respondent intended to mislead his client and to cause the client to believe that work was done which was neglected and ignored. Moreover, the respondent's failure to complete the quiet title action prevented the property from being sold.

The only mitigating factors brought to our attention relate to the respondent's family problems at the time that his clients were neglected. The respondent was burdened with his daughter's medical problems. Moreover, his wife, who served as his secretary, eventually divorced the respondent. His unfortunate marital difficulties may have caused some of the delay in his law office. The respondent claims that all of these facts tended to disrupt his office practice, but these circumstances do not justify the delay, expense, and total disregard that respondent showed for his clients' rights.

The respondent was guilty of neglect of legal matters entrusted to him. DR 6-101(A)(3). In addition, he was not candid with his clients

514

and misrepresented facts relating to the status of his client's lawsuit. DR 1-102(A)(4). It is also apparent from a review of the stipulation that the respondent's conduct was prejudicial to the administration of justice. DR 1-102(A)(5). A lawyer owes an obligation to his client to act with diligence in handling his client's legal work and in his representation of his client in court. *People v. Heyer*, 176 Colo. 188, 489 P.2d 1042 (1971). His conduct violates Rule 241(B), C.R.C.P., and provides grounds for our disciplinary action.

Accordingly, we order that the respondent be suspended for a period of six months from the announcement of this opinion, and that he be reinstated at the expiration of this period without further order of this Court. We also order that the respondent pay costs of $316.30 to the Clerk of this Court within sixty days.