The PEOPLE of the State of Colorado, Complainant,

v.

Gordon E. BUGG, Attorney-Respondent.

No. 81SA358.

Supreme Court of Colorado,
En Banc.

Oct. 5, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Gordon E. Bugg, pro se.

ERICKSON, Justice.

Disciplinary proceedings against the attorney-respondent, Gorden E. Bugg, were concluded by the submission of a Stipulation, Agreement and Offer of Surrender of License. The disciplinary prosecutor and the respondent have signed the stipulation, which is subject to our approval, resolving all issues in the disciplinary proceedings. The respondent, in surrendering his license, has agreed that he will not be eligible for reinstatement for eight years. We approve the stipulation and accept the surrender of the license on the condition that the respondent shall not apply or be considered for reinstatement for a period of eight years.

Our approval of the Stipulation, Agreement and Offer of Surrender of License should not be construed to be an ameliorative sanction simply because the period of ineligibility parallels that which we impose in cases involving suspension and disbarment. The respondent had been advised that he has a right to an evidentiary hearing on the two formal complaints which were before the Grievance Committee and acknowledges that he has been informed that the disciplinary prosecutor would have to prove the allegations of misconduct by clear, convincing, and substantial evidence, and that he could not be compelled to testify over his objection. C.R.C.P. 249. The respondent specifically waived his right to a formal hearing and has stipulated and agreed that the facts and conclusions contained within the stipulation are true and correct.

The respondent admits four counts of professional misconduct. First, he admits that he was retained by Mary Jane Hood in 1978 to represent the Basin School Federal Credit Union in a collection case. Thereafter, he advised the credit union that he had

obtained judgment against the debtors, when in fact he had not. His conduct violated Rule 241(B) and the Code of Professional Responsibility, DR 1–102(A)(4), (6), DR 6–101(A)(3), DR 7–101(A)(1), (2) and (3).

A second complaint was precipitated when the respondent accepted a retainer in a child custody case and failed to complete the work for which the fee was paid. He told his client that he had filed documents when in fact he had not done so. Again, respondent's conduct violated Rule 241(B) and the Code of Professional Responsibility, DR 1–102(A)(4) and (6), DR 6–101(A)(3), DR 7–101(A)(1), (2) and (3).

Third, the respondent represented Mary Ann Monkhouse in an action to recover proceeds from real property in which she held title as a result of her divorce from James Anderson. A fee was paid and respondent had Ms. Monkhouse sign a fraudulent satisfaction of judgment. He presented Ms. Monkhouse with an order for judgment which was purportedly signed by Judge Frederick D. Emigh, when he knew that the signature was false and fraudulent. He has acknowledged that he failed to protect his client's legal interests. His conduct violated Rule 241(B) and the Code of Professional Responsibility, DR 1–102(A)(4), (5) and (6), DR 6–101(A)(3), and DR 7–101(A)(1), (2) and (3).

Finally, the respondent admits that he was guilty of neglect and delay in representation in his dealings with Mr. and Mrs. Fred Gutirrez. The respondent had agreed to defend the Gutirrezes against a claim by the French Cattle Company. He did not carry out his obligation and a default judgment was taken. His conduct forced the Gutirrezes to pay the default judgment in order to obtain a loan on their house. His conduct violated Rule 241(B) and the Code of Professional Responsibility, DR 1–102(A)(4), DR 1–102(A)(6), DR 6–101(A)(3), and DR 7–101(A)(1).

The respondent's background reflects that he was suspended from the practice of law in *People v. Bugg*, Colo., 616 P.2d 133 (1980) for a period of six months. He thereafter agreed to a continuance of the suspension pending the outcome of these proceedings. He received a letter of admonition in 1976. This proceeding will be reported to the National Disciplinary Data Bank. Any later complaints which are made against the respondent are also subject to prosecution. Costs are assessed against the respondent in the amount of $104.11.

Accordingly, the Court approves the Stipulation, Agreement and Offer of Surrender of License, and orders that costs in the amount of $104.11 be paid within six months. The respondent is ordered to forthwith deliver his license to practice law to the clerk of this Court. The respondent shall not be eligible for reinstatement for a period of eight years and his previous record will be considered at the time any application for reinstatement is made. If an application for reinstatement is made at the expiration of eight years, the burden of proof will be on the respondent to prove his fitness to practice law and to establish by clear and convincing evidence that he is both morally and ethically qualified to take the bar examination.

LEE, J., does not participate.