Roy C. SOUTHERLIN and Joyce C. Southerlin, Plaintiffs–Appellees,

v.

AUTOMOTIVE ELECTRONICS CORPO-RATION, a Colorado corporation, and John W. New, Defendants–Appellants.

No. 87CA0138.

Colorado Court of Appeals, Div. III.

Dec. 1, 1988.

Rehearing Denied Jan. 5, 1989.

Certiorari Denied May 1, 1989.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Stephen G. Everall, Roberta S. Greengard, Englewood, for plaintiffs-appellees.

Eckelberger & Feldman, Mark K. Payne, Englewood, for defendants-appellants.

CRISWELL, Judge.

The defendants, Automotive Electronics Corporation (Automotive) and John W. New, appeal from the order of the district court denying their motion under C.R.C.P. 60 to set aside a default judgment. We reverse.

This litigation had its genesis in a promissory note, secured by a deed of trust, executed by plaintiffs and made payable to Automotive. Plaintiffs having defaulted on their obligations under that note, Automotive commenced foreclosure proceedings through the public trustee and sought a court order under C.R.C.P. 120 authorizing the sale of the secured property.

Plaintiffs filed written objections in the C.R.C.P. 120 case, which defendants claimed went beyond the type of objections that are permitted to be resolved in such proceedings. This issue was settled by a stipulation in open court.

In accordance with that stipulation, plaintiffs withdrew their objections to the C.R.C.P. 120 proceeding, and the court was allowed to enter its order authorizing the foreclosure sale. The parties agreed, however, that, should plaintiffs file an independent action, the court in that independent action would be authorized to enter an injunctive order, staying the foreclosure sale until that litigation was resolved. John W. New, Automotive's president and principal shareholder, was present in court at the time that this stipulation was agreed upon and read into the record.

Thereafter, plaintiffs commenced this action against defendants, claiming that defendants had induced them by fraudulent misrepresentations to enter into the transaction in which they executed the promissory note and deed of trust; that the parties had entered into an accord and satisfaction, thereby releasing plaintiffs from the obligations evidenced by those instruments; and that the purpose of the transaction had been frustrated and rendered impossible of attainment by the parties' mutual mistake. These allegations were of the same nature as were the objections that had previously been asserted in the preceding C.R.C.P. 120 proceeding.

Plaintiffs' complaint described the parties' prior stipulation in the C.R.C.P. 120 proceeding, had attached to it a reporter's transcript of that stipulation, and was accompanied by an unverified motion for a temporary restraining order. In reliance upon the parties' stipulation, as evidenced by the transcript, and without notice to defendants or the taking of any evidence, the court entered its equitable order enjoining the foreclosure sale.

Shortly thereafter, copies of the complaint, motion, and injunctive order were provided to defendants' counsel who signed a written acceptance of service, indicating that he was doing so "as the attorney" for defendants. This written acceptance was later filed with the court.

Plaintiffs' counsel agreed with defendants' counsel that the time for the filing of a response to the complaint would be extended. No response was filed within the period of extension, however. Approximately three weeks after the date that counsel had agreed that the response was to be filed, plaintiffs' counsel, without any formal or informal notice to defendants or their counsel, applied for, and was granted, a default judgment. This judgment decreed that the promissory note and deed of trust were void, and it permanently enjoined defendants from taking any action to collect or enforce the same.

There is no evidence that plaintiffs' counsel ever provided a copy of the order granting the default judgment to defendants or defendants' counsel. Some six months after the order granting this motion was entered, however, defendants discharged the attorney who had been representing them and engaged other counsel. More than eight months after the entry of the default judgment, defendants' new counsel filed a motion to set it aside, claiming, among other things, that their previous attorney had been given no authority to accept service on their behalf and that there was insufficient notice given to them of the request for default judgment. Defendants appeal from the district court's denial of that motion.

## I.

■ Defendants first assert that their former counsel was not authorized to accept service of process on their behalf. We conclude, however, that the evidence supports the trial court's finding that their counsel had implied authority to do so.

C.R.C.P. 4(e)(1) authorizes service of process upon an "agent authorized by appointment or by law" to receive such service. Generally, the mere employment of an attorney does not constitute the appointment of that attorney as an agent for service of process upon the client. *Bardahl Manufacturing Corp. v. District Court*, 150 Colo. 312, 372 P.2d 447 (1962).

■ However, for purposes of C.R.C.P. 4(e)(1) the "appointment" of the agent need not be explicit; the authority to accept service on behalf of the client may be implied from the nature of the relationship between the attorney and the client, including the purpose and nature of the attorney's retainer. 4A C. Wright & A. Miller, *Federal Practice & Procedure: Civil 2d* § 1097 (1987). Thus, where the attorney is engaged to commence litigation to accomplish a specific purpose, the authority to accept service of process in a closely related judicial proceeding may be a necessary incident of the attorney's express authority. *See Smith v. Spitzenberger*, 363 N.W. 2d 470 (Minn.App.1985); *Doble v. Talbott*, 180 Mont. 166, 589 P.2d 994 (1979); *United States v. Bosurgi*, 343 F.Supp. 815 (S.D.N. Y.1972), *aff'd in part, rev'd in part on other grounds*, 530 F.2d 1105 (2d Cir.1976).

Here, the trial court found that defendants' counsel was impliedly authorized to accept service of process on their behalf in this action. That finding is supported by the evidence.

Defendants engaged their attorney to commence the appropriate administrative and judicial proceedings to foreclose upon the property covered by the deed of trust. When plaintiffs filed their objections to the foreclosure, however, it became evident that, in order to attain the clients' purpose, it would be necessary to overcome those objections. Thus, if the effort to overcome plaintiffs' objections to the foreclosure required defendants to appear in another forum, the express authority conferred upon the attorney to accomplish the foreclosure carried with it the implied authority to enter their appearance in that other forum. *See Smith v. Spitzenberger, supra; United States v. Bosurgi, supra.*

Further, the parties' stipulation also provided defendants' attorney with the authority to appear in this action on their behalf. Plaintiffs do not assert that their counsel lacked authority to enter into the stipulation, which was described on the record in their presence. By that stipulation, the parties agreed upon the proper manner and forum in which plaintiffs' objections should be resolved, and defendants' counsel agreed to the entry in this action of an order in the nature of a preliminary injunction. Thus, having authorized their counsel to stipulate to the entry of an injunctive order in this case, defendants impliedly authorized him to enter an appearance on their behalf in this action. Such authority included the authority either to accept or to waive service of process.

## II.

■ Defendants further argue that, even if there was proper service of process in this case, there was, nevertheless, insufficient notice given to them of plaintiffs' application for a default judgment. With this contention we agree.

■ C.R.C.P. 55(b)(2) provides that, if a party against whom a default judgment is sought has "appeared in the action," he or his counsel must be served with written notice of the application for default not less than three days prior to the hearing on that application. This requirement of the rule must be "fastidiously adhered to." *Civil Service Commission v. Doyle*, 162 Colo. 1, 424 P.2d 368 (1967). Compliance with the notice requirement is jurisdictional, and an appellate court may note the lack of proper notice, even if the issue is not raised by the parties. *Best v. Jones*, 644 P.2d 89 (Colo. App.1982).

Further, the term "appearance," as used in C.R.C.P. 55(b)(2), is not to be construed in a technical manner; rather, its meaning should be defined consonant with the purpose of C.R.C.P. 55(b)(2) "to insure fairness by providing notice to a party who has expressed interest in defending a lawsuit brought against him." *R.F. v. D.G.W.,* 192 Colo. 528, 560 P.2d 837 (1977). Thus, any contact with the court which is "responsive" to the plaintiff's legal action, and which evidences an intent to resist the suit, constitutes an "appearance," requiring written notice before a default judgment may be entered. *See Sisneros v. First National Bank,* 689 P.2d 1178 (Colo.App. 1983); *Biella v. Department of Highways,* 652 P.2d 1100 (Colo.App.1982), *aff'd by operation of law,* 672 P.2d 529 (Colo.1983).

Applying this principle to the circumstances portrayed by this record, we conclude that defendants' counsel in this case had sufficient contacts with the court and with plaintiffs' counsel so that a default judgment could not be taken against defendants without prior written notice of the application for judgment. Here, the acceptance of service, which was signed by defendants' counsel as their attorney, provided express notice to the court that defendants had retained counsel to represent them in this specific matter. In addition, the court relied upon the stipulation between the parties, the transcript of which was filed with the court, to enter an order similar to a preliminary injunction without requiring either notice or hearing. Finally, there were one or more contacts between counsel for plaintiffs and counsel for defendants after this action was filed, which led to a specific agreement extending the time for defendants to file a responsive pleading. This latter contact provided to plaintiffs express evidence of defendants' intent to defend against plaintiffs' claims. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689 (D.C. Cir.1970), cited with approval in *R.F. v. D.G.W., supra.*

In light of all of these circumstances, it cannot be denied that plaintiffs' counsel was well aware that defendants intended to defend against plaintiffs' claims. The contracts providing this knowledge, combined with the contacts with the court in the form of the acceptance of service and the stipulation, constituted an appearance by defendants for purposes of C.R.C.P. 55(b)(2). Thus, the entry of default judgment here, without prior notice to defendants, was improper, and that judgment may not stand. *See R.F. v. D.G.W., supra.*

The order of the district court denying defendants' C.R.C.P. 60 motion is reversed, and the cause is remanded to that court with directions to vacate the default judgment entered by it and to undertake further proceedings consistent with the views expressed herein.

TURSI and JONES, JJ., concur.