**The PEOPLE of the State of Colorado, Complainant,**

v.

**Lorraine A. CHAPPELL, Attorney–Respondent.**

No. 89SA230.

Supreme Court of Colorado, En Banc.

Oct. 30, 1989.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Lorraine A. Chappell, pro se.

Justice KIRSHBAUM delivered the Opinion of the Court.

On November 27, 1987, a complaint was filed with the Grievance Committee charging the respondent, Lorraine A. Chappell, with two counts of professional misconduct. Respondent failed to reply, and on February 28, 1989, the hearing board deemed the allegations of the complaint admitted pursuant to C.R.C.P. 241.13(b). On April 13, 1989, a hearing to determine sanctions was conducted, at which hearing the respondent testified. The hearing board recommended that respondent be suspended from the practice of law for forty-five days, that for a period of six months thereafter she be required to file periodic progress reports with the disciplinary counsel's office, that respondent resolve a then pending dissolution proceeding for a client, and that respondent refund certain fees. A hearing panel approved and adopted these recommendations with the exception of the periodic reporting requirement. We accept the hearing panel's recommendation.

## I

Respondent was admitted to the bar of this court on October 17, 1977, and is subject to the jurisdiction of this court and the Committee. C.R.C.P. 241.1(b). She has not previously been a respondent in any disciplinary proceeding.

## II

In August 1985, respondent was retained by Manuel Sanchez to represent him in a dissolution of marriage proceeding. Respondent was paid the sum of $409 by her client's father for her services. Respondent initiated an action and mailed a copy of the petition together with a waiver and acceptance of service form to her client's wife. The form was executed by the wife, returned to respondent, and was filed with the trial court on September 9, 1985.

Respondent prepared a separation agreement which was signed by her client on February 28, 1986. The agreement was forwarded to her client's wife for signature.

The client advised respondent during the summer of 1986 that his wife was pregnant as the result of her conduct with some other man. On October 16, 1986, the client's wife signed and returned the separation agreement. The agreement contained no reference to the wife's pregnancy. Respondent neither revised the separation agreement nor proceeded to obtain a decree of dissolution prior to October 31, 1986, when her client was transferred to Germany.

In April 1987, respondent advised her client by mail that she could obtain a dissolution decree by written deposition but that an additional fee of $300 would be required for such procedure. The client's father paid respondent $300 on June 15, 1987. In July, August and October of 1987 the client's father sent letters of inquiry about his son's case to respondent. She did not reply, and the client's father subsequently initiated this grievance proceeding.

The Committee sent two letters to respondent advising her that these proceedings had been initiated. Respondent did

not reply. On January 14, 1988, the Committee sent respondent a notice of formal investigation, and on February 8, 1988, the Committee sent her a reminder that a response was due and that failure to respond could constitute a separate ground for discipline. Respondent did not reply to either of these communications.

Respondent did meet with a disciplinary counsel investigator on August 26, 1988, and indicated that she would begin to work on her client's case. On September 29, 1988, respondent advised the investigator that respondent had filed a motion with the trial court that would resolve the case. However, no such motion had been filed as of April 13, 1989, when the hearing board conducted its hearing to determine sanctions.

### III

Respondent's conduct violated C.R.C.P. 241.6 concerning discipline of attorneys, and DR1–102(A)(1) (violation of a disciplinary rule). Her conduct also violated the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violating a disciplinary rule), DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR6–101(A)(3) (neglecting a legal matter), DR7–101(A)(1) (failing to seek lawful objectives of client), DR7–101(A)(2) (failing to carry out a contract of employment for professional services), DR7–101(A)(3) (intentionally prejudicing or damaging a client), and DR9–102(B)(4) (failing to pay funds and deliver property to a client promptly upon request).

Respondent does not deny that her conduct violated these provisions of the Code. She indicated that she found herself incapable of taking any action upon learning that her client's wife was pregnant. She experienced a similar reaction upon learning of this grievance proceeding. Respondent's failure to resolve either her own inability to proceed or her client's difficulties, her failure to respond to communications from the Committee, her failure to carry out the commitments she made to the investigator for the disciplinary counsel, and her mis-

representation to the investigator reflect multiple violations of the Code and constitute aggravation for purposes of determining appropriate sanctions. ABA *Standards for Imposing Lawyer Sanctions*, § 9.22(d) (1986). In view of his military transfer, her client was particularly vulnerable and dependent upon her professional skill. ABA *Standards*, § 9.22(h). Her failure to fulfill her commitment to the investigator to file a motion in her client's case and her indifference to her obligation to make restitution of attorney fees constitute additional aggravating factors. *See* ABA *Standards*, § 9.22(f), (j). Respondent did not act from any selfish motive and has not previously been involved in disciplinary proceedings. We agree with the hearing panel that these mitigating factors should serve to reduce what might otherwise be a more severe sanction in this case.

We agree with the Committee that a period of suspension from the practice of law is an appropriate sanction in these circumstances. ABA *Standards*, § 4.12. We also conclude that respondent should cease representing her client in the event the dissolution proceedings have not been completed.

Accordingly, pursuant to C.R.C.P. 241.21, respondent, Lorraine A. Chappell, is suspended from the practice of law for a period of forty-five days, commencing thirty days after the date of this opinion. The respondent is also ordered to take appropriate steps to terminate her representation of her client immediately, if such action has not already been taken. The respondent is further ordered to pay the sum of $709 as a refund of attorney fees, together with interest thereon computed pursuant to section 13–21–101(3), 6A C.R.S. (1987), from June 15, 1987, and to pay the costs of this proceeding, in the amount of $264.72. All sums shall be paid to the Supreme Court Grievance Committee, 600–17th Street, Suite 500S, Denver, Colorado 80202–5435 within thirty days of the date of this opinion.