**The PEOPLE of the State of Colorado, Complainant,**

v.

**Marion Ray BAPTIE, Attorney–Respondent.**

**No. 90SA254.**

Supreme Court of Colorado, En Banc.

Sept. 10, 1990.

Linda Donnelly, Disciplinary Counsel and John S. Gleason, Assistant Disciplinary Counsel, Denver, for complainant.

Marion Ray Baptie, attorney-respondent pro se.

PER CURIAM.

This is a disciplinary proceeding in which the facts have been stipulated to and where the only issue is the proper sanction to be imposed for the professional misconduct of the respondent, Marion Ray Baptie. The respondent was admitted to practice law before this court on September 30, 1957. He is accordingly subject to the jurisdiction of this court and its Grievance Committee. The Hearing Board of the Grievance Committee recommended that the respondent be suspended for one year and one day. The Hearing Panel, in reviewing the recommendation of the Hearing Board, by a divided vote recommended a three-year suspension. We order that the respondent be suspended for three years and that he pay $147.95 as the costs of these proceedings. We also order that the respondent, as a condition for reinstatement, must pass the professional responsibility examination given by the National Conference of Bar Ex-

aminers [1] and must also comply with the requirements of C.R.C.P. 241.21.

I.

The three-count disciplinary complaint charged the respondent with professional misconduct arising out of his representation of John New and Automotive Electronics Corporation (AEC). New is the primary shareholder of AEC and sold an automotive parts distributorship to Roy and Joyce Southerlin. The Southerlins executed a note and deed of trust in the amount of $362,720 to secure the unpaid balance of the purchase price for the distributorship. The Southerlins, after a period of time, defaulted on the note and the respondent, on behalf of New and AEC, filed a foreclosure action on the Southerlins' residence and a request, pursuant to C.R.C.P. 120, for sale of the property.

On September 20, 1985, a hearing was held on the Rule 120 claim and the court permitted the foreclosure sale to proceed over the objections of the Southerlins. However, the court advised the Southerlins that if they filed an independent civil action setting forth their claim of fraudulent misrepresentation in the initial sale, the court in that action would enter a temporary restraining order staying the foreclosure sale until that litigation was resolved.

On September 27, 1985, the Southerlins filed a civil action alleging fraudulent misrepresentation and a temporary restraining order was entered. *Southerlin v. Automotive Electric Corporation and John New*, No. 87CV3027 (Jefferson County District Court). On the same day, the respondent signed an acceptance of service of process on behalf of New and AEC. The Southerlins' attorney by letter granted the respondent until November 12, 1985, to answer the complaint. The respondent did not file an answer and did not notify his clients of the pending fraud case.

On December 2, 1985, based upon a verified motion for entry of default judgment,

---

1. Both the Hearing Board and the Hearing Panel recommended that this condition be imposed as a requirement for reinstatement.

the court granted a default judgment to the Southerlins declaring the note and deed of trust to be void. In June 1986, New hired other counsel to handle the foreclosure action while he was still unaware of the civil action for fraud that had been filed by the Southerlins. The default judgment was discovered by the lawyer that succeeded the respondent. A motion to set aside the default was denied and an appeal was taken.

On December 1, 1988, the court of appeals reversed, vacated, and set aside the default judgment. *Southerlin v. Automotive Electronics Corp.*, 773 P.2d 599, 602 (Colo.App.1988). The court of appeals held that the default judgment was taken without complying with the notice requirements of C.R.C.P. 55. Since the respondent entered an appearance for New and AEC, notice of the motion for the default judgment was required not less than three days prior to the hearing on the motion for default judgment. *Id.* Southerlins' counsel provided no notice of his intention to take a default judgment. Accordingly, since compliance with the notice requirements was jurisdictional, the default judgment was vacated and set aside. *Id.*

Prior to the decision by the court of appeals, New and AEC filed a malpractice action against the respondent. On February 24, 1988, one day before trial was to commence, the respondent stipulated to the entry of judgment for $742,982.25 on the malpractice claim, and judgment was entered for that amount. Three weeks before the stipulation was signed, the respondent, in an effort to avoid responsibility for any judgment in the malpractice case, conveyed his interest in three parcels of real estate to his wife and to another couple on a fourth parcel of real property. Prior to executing the conveyances, he borrowed $92,000 against two of the properties.

After judgment was entered against the respondent, he made every effort to evade service of process and to avoid the execution on the judgment by refusing to disclose his whereabouts or telephone number. On February 23, 1990, the respondent settled the malpractice judgment with New and AEC for $17,000 in cash and conveyed real estate valued at $30,000 to New.

## II.

While the malpractice action against the respondent was pending, a complaint was being processed by the Grievance Committee. On December 28, 1988, a copy of the request for investigation with a letter requesting an answer within twenty days was sent to the respondent's registered business address by certified mail, return receipt requested. On January 6, 1989, the certified mail was returned to the disciplinary counsel's office marked "unclaimed." On January 6, 1989, the same materials were sent by certified mail to the forwarding address provided by the postal service, but were also returned unclaimed. On January 12, 1989, the letter and request for investigation was mailed by regular mail to the respondent's registered business address and that letter was returned marked "refused" on January 31, 1989. The same materials were also sent to the respondent's home address and were returned marked "return to sender, moved, left no address." On February 21, 1989, an investigator for the Office of Disciplinary Counsel received a long distance telephone call from the respondent who refused to disclose his address or telephone number or to indicate where he could be contacted.

## III.

■ There are three counts in the disciplinary complaint. The first count relates to the respondent's failure to take any action on behalf of New and AEC in the civil action by the Southerlins for fraud in the sale of the distributorship and the failure of the respondent to advise his client of the existence of the claim for misrepresentation. The foundation for the second count is the respondent's conduct in attempting to place his property beyond the reach of his creditors. The third count centers on the respondent's failure to respond or cooperate with the Grievance Committee and to answer the complaint of New and AEC to the Grievance Committee.

The respondent concedes that his failure to cooperate with the Grievance Committee and to provide a current address with the supreme court or the Grievance Committee violates C.R.C.P. 241.6. However, he denies that the conduct charged in counts one and two of the complaint constitutes grounds for discipline.

The factual background for the first two counts of the disciplinary complaint was stipulated to and has been set forth in this opinion. The failure of the respondent to take any action or to notify his clients of the pending claim for misrepresentation constituted neglect of a legal matter entrusted to him and violated DR6–101(A)(3). *See People v. Chappell*, 783 P.2d 838, 840 (Colo.1989); *People v. Bugg*, 200 Colo. 512, 513, 616 P.2d 133, 134–35 (1980).

■ The failure of the respondent to take appropriate action on behalf of his client also violated DR7–101(A)(1)[2] and constituted a failure to seek the lawful objectives of his client. *People v. May*, 745 P.2d 218, 219–20 (Colo.1987). The respondent also failed to carry out his contract of employment in violation of DR7–101(A)(2). In addition, the respondent's violation of the foregoing disciplinary rules in itself constitutes misconduct in violation of DR1–102(A)(1). The fact that the default judgment was eventually set aside by his successor counsel on appeal does not excuse the respondent's misconduct. *People v. Gibbons*, 685 P.2d 168, 174 (Colo.1984).

The respondent's efforts to defraud his clients by completing a series of fraudulent conveyances before judgment could be entered against him was charged in count two and violates DR1–102(A)(4).[3] He also failed to carry out his obligation to maintain the highest standards of honesty, justice, and morality in his professional and personal dealings. C.R.C.P. 241.6(3). His acts and misconduct also adversely reflect on his fitness to practice law. DR1–102(A)(6).

The aggravating factors have been set forth in this opinion and establish numerous violations of the Disciplinary Rules and our Code of Professional Responsibility. Section 9.0, American Bar Association Standards for Imposing Lawyer Sanctions (1986), identifies a dishonest or selfish motive, bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of professional misconduct and substantial experience in the practice of law as aggravating factors. All of the enumerated aggravating factors were proven in this case. The only mitigating circumstance is the respondent's lack of any previous disciplinary record.

Sections 4.42 and 7.2 of the American Bar Association Standards support our decision to suspend the respondent. Section 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client. Section 7.2 recommends suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession when that conduct causes injury or potential injury to a client, the public, or the legal system.

The respondent has shown no remorse and denies any misconduct on his part. Respondent's serious and deliberate professional misconduct requires suspension and, in our view, a three-year suspension is warranted. *See People v. Klein*, 179 Colo. 408, 411, 500 P.2d 1181, 1182 (1972).

It is accordingly ordered that the respondent, Marion Ray Baptie, be suspended from the practice of law for a period of three years effective thirty days after the date of this opinion. The respondent is ordered to comply with the provisions of C.R.C.P. 241.21 relating to the termination of all legal matters, giving notice to all clients and opposing counsel, and maintenance of appropriate records as proof of compliance. Prior to any application for reinstatement the respondent must pass

---

**2.** DR7–101(A)(1) provides that a lawyer shall not intentionally "fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules...."

**3.** DR1–102(A)(4) states that a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

the professional responsibility examination given by the National Conference of Bar Examiners. Any application for reinstatement must also be supported by clear and convincing evidence that the respondent is fit to practice law and has complied with the requirements of C.R.C.P. 241.22.

The respondent is ordered to pay the costs of these proceedings in the amount of $147.95 by delivering that amount to the Grievance Committee at 600–17th Street, Suite 500S, Denver, Colorado 80202, within thirty days of this date.