IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 72830-0-I |
| LUCINDA B. CARPENTER, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| BRADLEY A. CARPENTER, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 20, 2015 |

SCHINDLER, J. — Bradley A. Carpenter appeals denial of his motion to vacate the

decree of legal separation. Bradley claims that his acceptance of service of process

required Lucinda B. Carpenter to provide notice of the motion for default.[1] Bradley also

claims the allocation of assets and liabilities in the decree of legal separation exceeds or

differs from the relief requested in the petition. In the alternative, Bradley asserts the

court abused its discretion in allocating the assets and liabilities. We affirm.

FACTS

Bradley and Lucinda Carpenter married in 1992. On June 13, 2013, Lucinda

filed a petition for legal separation. The petition requests a "fair and equitable division"

of assets and liabilities. On June 14, Lucinda delivered the summons and petition to

---

[1] We refer to the parties by their first names for purposes of clarity.

Bradley. Bradley accepted service of the "Order Assigning Case to Department," the summons, and the petition for legal separation.

On July 17, Lucinda filed a motion for an order of default. The court entered an order of default and scheduled a hearing on September 30 for entry of a final decree of legal separation.

Before the September 30 hearing, Lucinda filed a "Verification of Petitioner in Lieu of Testimony" and a declaration setting forth the value of assets and liabilities.

On September 30, the court entered a decree of legal separation and findings of fact and conclusions of law. The court awarded Lucinda the family home, her retirement account, and her vehicle. Lucinda is responsible for the first mortgage on the home "in the amount of approximately $269,000.00" and a Bank of America debt "in the amount of approximately $37,000.00." The court awarded Bradley the Whistler time-share property, his retirement account, his vehicle, and the couple's ownership interest in Treos Café. Bradley is responsible for the second mortgage on the home "with an approximate balance of $140,000.00," a credit union debt "in the amount of $15,000.00," and "[a]ny obligations related to the operation of Treos Café."

Later that day, after entry of the decree, Bradley's attorney filed a notice of appearance.

On October 24, Bradley filed a motion to vacate the decree of legal separation. Bradley argued that his failure to appear was the result of mistake or excusable neglect under CR 60(b)(1). Bradley stated he "believed that the Acceptance of Service was notice to the court of his appearance." Bradley also argued justice requires the decree be vacated under CR 60(b)(11) because it does not result in a fair and equitable division

2

of property and liabilities. In the alternative, Bradley claimed the allocation of assets and liabilities "differs significantly from the relief requested" in the petition for legal separation in violation of CR 54(c).

Bradley filed a declaration in support of the motion to vacate. Bradley explained that he and Lucinda started Treos Café, a coffee business, in 2002 and tried to "franchise our business," but protracted litigation forced them to file for bankruptcy. Bradley stated, "In hind sight I certainly would conduct the [coffee] business differently . . . . I did make some business decisions which had a significant financial impact on our family." Bradley challenged the valuation of the family home and the allocation of assets and liabilities. Bradley opposed awarding Lucinda the family home yet requiring him to pay the second mortgage.

The court scheduled a show cause hearing for November 15 on the motion to vacate the decree of legal separation.[2]

Before the show cause hearing, Lucinda filed a "Memorandum of Authorities" opposing the motion to vacate. Lucinda argued that Bradley's failure to appear was not the result of mistake or excusable neglect because he received the summons, "spoke to an attorney" about the petition, and "elect[ed] not to respond." Lucinda also argued the court's allocation of assets and liabilities does not differ from the request in the petition. Lucinda pointed out that except for the family home, Bradley "has not put any evidence in the record to establish the value of the assets awarded." Lucinda also asked the court to award her attorney fees incurred in responding to Bradley's motion to vacate.

---

[2] On October 29, Bradley filed an answer to the petition for legal separation and requested an award of maintenance.

In her declaration in opposition to the motion to vacate, Lucida states that before she delivered the summons and petition for legal separation to Bradley, "I provided him with my proposed division of assets." Lucinda states that she delivered the summons and petition to Bradley on June 14 and specifically told him that signing the acceptance of service "had the same effect as would have occurred had he been served by a process server." Lucinda also states that when she and Bradley were sued by a Treos Café franchisee in 2009, "[w]e did not appear and a default judgment was entered against us. My husband learned the result of failing to appear in litigation once served."

In response, Bradley admitted Lucinda gave him the proposed valuation and allocation of assets and liabilities "[i]n the spring, well before I accepted service of the separation documents." Bradley also admitted that the "bulk of the loan" associated with the second mortgage on the home "was related to" their coffee company and the resulting litigation.

The court denied Bradley's motion to vacate the decree of legal separation. The court found that Bradley "signed an Acceptance of Service that he was receiving the Summons." The court found the summons "clearly put him on notice" that he had to file a written response within 20 days of service and that he had to file a notice of appearance to avoid entry of an order of default. The court also found "there is no proof that he has a valid defense to the Petition for Legal Separation by substantial evidence such as a balance sheet which would have shown that this was not a fair and equitable distribution of assets and debts." The court awarded Lucinda attorney fees for responding to the motion to vacate.

4

ANALYSIS

Notice of Motion for Default

Bradley asserts the decree of legal separation is void under CR 55(a)(3) because he did not receive notice of the motion for entry of a default judgment. "[W]hether a judgment is void is a question of law that we review de novo." Trinity Universal Ins. Co. of Kan. V. Ohio Cas. Ins. Co., 176 Wn. App. 185, 195, 312 P.3d 976 (2013).

Under CR 55(a)(3), a party who "has appeared in the action for any purpose" is entitled to notice of another party's motion for default. CR 55(a) states, in pertinent part:

> (1) Motion. When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made.
>
> . . .
>
> (3) Notice. Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion. Any party who has not appeared before the motion for default and supporting affidavit are filed is not entitled to a notice of the motion, except as provided in rule 55(f)(2)(A).

"A defendant appears in an action when he or she answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his or her appearance." RCW 4.28.210.

Bradley argues that the acceptance of service of process is the equivalent of a notice of appearance for purposes of CR 55(a)(3). We disagree.

Acceptance of service of process, without more, does not constitute an appearance. To appear by filing a notice of appearance, the notice must "be in writing, shall be signed by the defendant or his attorney, and shall be served upon the person whose name is signed on the summons." CR 4(a)(3); see In re Estate of Stevens, 94

5

Wn. App. 20, 32, 971 P.2d 58 (1999) (defendant did not appear by "accept[ing] service of the petition, summons, and notice of hearing" and then choosing "to do nothing").

Bradley's reliance on Southerlin v. Automotive Electronics Corp., 773 P.2d 599 (Colo. App. 1988), is misplaced. In Southerlin, the parties entered into "a stipulation in open court" to resolve objections to a foreclosure. Southerlin, 773 P.2d at 600. The plaintiffs later filed a lawsuit against the defendants and attached the stipulation to the complaint. Southerlin, 773 P.2d at 600. The defendants' attorney "signed a written acceptance of service, indicating that he was doing so 'as the attorney' for defendants." Southerlin, 773 P.2d at 600. After accepting service of process, the defendants' attorney and the plaintiffs' attorney entered into a "specific agreement extending the time for defendants to file a responsive pleading." Southerlin, 773 P.2d at 602. The Colorado Court of Appeals held that defendants were entitled to notice of the motion for default "[i]n light of all of these circumstances." Southerlin, 773 P.2d at 602.

Here, there is no dispute that Bradley received the summons and the petition for legal separation on June 14. There is also no dispute that Bradley did not file a notice of appearance until after the court entered the decree on September 30.

The summons clearly informed Bradley that the court could enter an order of default if he did not file a written response within 20 days of service, and that he was entitled to notice before entry of an order of default only if he served a notice of appearance on Lucinda. The summons states, in pertinent part:

> If you do not serve your written response within 20 days . . . after the date this summons was served on you, . . . the Court may enter an order of default against you, and the Court may, without further notice to you, enter a decree and approve or provide for the relief requested in the petition. . . . If you serve a notice of appearance on the undersigned person, you are entitled to notice before an order of default or a decree may be entered.

6

Bradley admits he met with an attorney about the petition in June but chose not to hire an attorney until "late September," after entry of the order of default. Because Bradley did not appear in the legal separation proceeding, he was not entitled to notice of the motion for default.

CR 54(c)

Bradley also contends the court erred in granting relief that exceeds or differs from the relief requested in the petition for legal separation.

Under CR 54(c), "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." "To the extent a default judgment exceeds relief requested in the complaint, that portion of the judgment is void." In re Marriage of Leslie, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989).

Here, the allocation of assets and liabilities does not exceed or differ from the relief Lucinda requested. The petition for legal separation specifically requested a "fair and equitable division of all the property" and an award of "attorney fees, other professional fees and costs."

Allocation of Assets and Liabilities

In the alternative, Bradley contends the court abused its discretion in allocating the assets and liabilities.

We review a trial court's division of marital property for a manifest abuse of discretion. In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005). " 'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.' " Muhammad, 153 Wn.2d at 803 (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). We review a

trial court's factual findings for substantial evidence. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Substantial evidence is the quantum of evidence sufficient to persuade a rational fair-minded person the premise is true. Olson, 69 Wn. App. at 626. In determining whether substantial evidence supports the court's findings, we review the record "in the light most favorable to the party in whose favor the findings were entered." In re Marriage of Gillespie, 89 Wn. App. 390, 404, 948 P.2d 1338 (1997). Where, as here, the court does not enter explicit findings as to the value of property allocated, "the appellate court may look to the record to determine the value of the assets." In re Marriage of Greene, 97 Wn. App. 708, 712, 986 P.2d 144 (1999).

Bradley asserts the court abused its discretion in allocating assets and liabilities because neither the decree of legal separation nor the findings of fact and conclusions of law state the value of the assets or the amount of the "obligations related to Treos Café." Bradley also asserts substantial evidence does not support the valuation of the other liabilities.

But the record establishes Bradley did not challenge Lucinda's valuation of the retirement accounts, the vehicles, the Whistler time-share property, or the debt related to Treos Café.[3] See RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

Below, Bradley challenged the valuation of only the family home. The record supports the court's valuation of the family home. Lucinda submitted a declaration stating the house has "a value of approximately $475,000.00 subject to a debt of

---

[3] Lucinda testified her retirement account has "a balance of approximately $19,0000.00" and Bradley's retirement account "has a value that I believe is in excess of $100,000.00." Lucinda testified that her car has "substantially negative equity" and Bradley's car "has a value approximately equal to its debt." Lucinda also testified that "the Treos Café that [Bradley] owns is worth . . . equal to or greater than the debt he is assuming."

$269,000.00 which, after sales costs, would net about $155,000.00." In response, Bradley claimed the outstanding debt on the first mortgage is "approximately $271,000.00," the debt on the second mortgage is "around $150,000.00," and the value of the home is "approximately $570,000.00." In his second declaration, Bradley asserted the home "is listed by Zillow at $538,727.00." Bradley's estimate of the net equity value of the home does not differ substantially from Lucinda's $155,000.00 valuation. Bradley testified that "after the first and second mortgage the house has between $140,000.00 and $150,000.00 in equity at this time." Viewed in the light most favorable to Lucinda, substantial evidence in the record supports the court's valuation of the family home. See Gillespie, 89 Wn. App. at 404.

Bradley also claims the allocation of assets and liabilities is not just and equitable. In a legal separation proceeding, the court must "make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable." RCW 26.09.080. The court must consider a number of factors, including the "economic circumstances of each spouse or domestic partner at the time the division of property is to become effective." RCW 26.09.080(4).

The court's "paramount concern" in allocating assets and liabilities is "the economic condition in which the decree leaves the parties." Gillespie, 89 Wn. App. at 399. Because the trial court is in "the best position to assess the assets and liabilities of the parties," it has "broad discretion" to determine what is just and equitable under the circumstances. In re Marriage of Brewer, 137 Wn.2d 756, 769, 976 P.2d 102 (1999).

Bradley relies on his assertion of the relative income of the parties to argue the allocation of assets and liabilities is not just and equitable. But the 2012 income tax

return Bradley submitted shows he received far more in retirement account distributions than Lucinda's gross earnings. Substantial evidence supports the valuation and allocation of the assets and liabilities.

Bradley also contends the court erred in awarding Lucinda attorney fees for responding to his motion to vacate the decree of legal separation but provides no citation to authority in support of his argument. See RAP 10.3(a)(6) (Appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority."); Regan v. McLachlan, 163 Wn. App. 171, 178, 257 P.3d 1122 (2011) ("We will not address issues raised without proper citation to legal authority.").

We affirm entry of the decree of legal separation.[4]

Schindler, J.

WE CONCUR:

Spearman, C.J.

Leach, J.

---

[4] Lucinda requests attorney fees on appeal based on Bradley's intransigence and under RAP 18.9. Because the record does not support a finding of intransigence and the appeal is not "so devoid of merit that no reasonable possibility of reversal exists," we decline to award Lucinda attorney fees on appeal. In re Marriage of Meredith, 148 Wn. App. 887, 906, 201 P.3d 1056 (2009); In re Marriage of Mattson, 95 Wn. App. 592, 605-06, 976 P.2d 157 (1999).