No. 10,193.

SHAFF, ET AL. *v.* SHAFF.

Decided November 6, 1922.

Proceeding involving the validity of a decree of divorce. Judgment for respondent.

*Affirmed.*

1. PLEADING—*Clerical Error—Construction.* Where upon a consideration of the whole record it appears that the use of the word "defendant" in a complaint, was a clerical error and that the word should have been "plaintiff", the pleading will be so construed.

2. *Complaint—Construction.* Complaint in a divorce action reviewed and held sufficient to give the court jurisdiction of the subject matter and to enter the judgment in question.

3. DIVORCE—*Complaint—Sufficiency.* Under the statute of 1917, a divorce could be granted on the ground of cruelty without allegation or proof that the parties had lived separate and apart for one year preceding the filing of the complaint.

4. STATUTES—*Repeal.* Where a new law covers the whole subject matter, and is intended as a substitute for a former statute, it will be deemed a repeal of the earlier act.

*Error to the County Court of Rio Grande County, Hon. Harry M. Howard, Judge.*

Mr. JAMES P. VEERKAMP, Mr. WILLIAM H. GABBERT, for plaintiffs in error.

Mr. O. E. LINDERHOLM, Mr. JESSE STEPHENSON, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiffs in error filed a petition in the county court of Rio Grande county in which they challenged the

claim of one Madge Shaff to be the widow of John Warren Shaff, deceased. They allege that one Evelyn McBane Shaff, a former wife of the decedent, is the person having rights in his estate as his widow. It is conceded by all parties that the proceeding now upon review is a collateral attack upon a decree of divorce which was granted to John Warren Shaff, now deceased, in an action for divorce brought by him against Evelyn McBane Shaff. The trial court found for Madge Shaff, and against the petitioners, and they bring the cause here for review. The sole question to be determined is the validity of the decree of divorce, above mentioned, when questioned in a collateral proceeding such as is the instant case.

No defect is pointed out in the service of process, the procedure, the findings of fact, or the form of the decree, but it is claimed that "no issue was tendered by the complaint" in that divorce action.

The complaint, it is admitted, was sufficient in all matters outside of the allegations which were intended to state a statutory ground for divorce. It is claimed that no ground is stated. In this connection, the allegations were as follows:

"That since the said marriage the said defendant, disregarding her marriage vows has been guilty of extreme and repeated acts of cruelty toward this defendant."

Taking the complaint alone, it seems certain that the pleader intended to charge defendant with cruelty toward plaintiff, and that the use of the word "defendant" at the close of the paragraph is a clerical error. It is to be presumed that evidence was adduced to support the allegations intended and that the findings of fact were in accordance with the evidence. The findings of fact in that case, which are a part of the record, are to the effect that defendant has been guilty of extreme and repeated acts of cruelty toward *plaintiff*. The whole record, therefore, shows that the use of the word "defendant" in the complaint was a clerical error. The complaint may be read as if the word "plaintiff" had been used instead. 23 Cyc.

854. Thus read, there was an issue of fact presented, and such an issue as would give the court jurisdiction of the subject matter, and jurisdiction to render the particular judgment in question.

The plaintiffs in error have filed a supplemental brief in which they contend, in effect, that the complaint does not state facts sufficient to give the court jurisdiction to grant a divorce, because it fails to allege that the parties have lived separate and apart for the period of at least one year immediately preceding the filing of the complaint. Such an allegation was required by section 9, chapter 74, S. L. 1915. That provision has been repealed by chapter 65, S. L. 1917, and under it, the present law, a divorce may be granted on the ground of cruelty without allegation or proof that the parties have lived separate and apart. It covers the whole subject-matter and was intended as a substitute for the former statute, and for that reason must be deemed a repeal of the earlier act. 36 Cyc. 1078.

There was no error in refusing to hold the decree void, or in denying the relief asked by the petitioners below.

The judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.