No. 15,207.

EMERICK *v.* EMERICK.

(129 P. [2d] 908)

Decided September 28, 1942.

Mr. O. OTTO MOORE, for plaintiff in error.

Mr. ERNEST L. RHOADS, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

THIS case involves proceedings in the district court of the City and County of Denver for annulment of the marriage of defendant in error, plaintiff below, to whom we hereinafter refer as plaintiff, and plaintiff in error, defendant below, whom we designate as defendant.

Plaintiff instituted the action May 10, 1941. June 2, 1941, defendant filed a motion to dismiss, which was by the court denied September 8, 1941, and defendant was granted fifteen days within which to answer or elect to stand on his motion to dismiss as he might be advised.

September 25, 1941, on the court's own motion, default of defendant was duly entered and the case set for hearing on the 27th day of September.

No written notice of the application for judgment by default was served upon defendant as required by rule 55 (b) (2) of our Rules of Civil Procedure, which provides, inter alia: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

September 27, 1941, the day fixed by the court for the hearing, and before the commencement thereof, defendant filed an answer, but, notwithstanding no notice of an application for judgment by default had been served upon him, that his answer had been filed, and that he was not present or represented by counsel, the trial court proceeded to hear plaintiff's evidence, following which he entered a decree annulling the marriage.

September 30, 1941, defendant filed a motion to vacate the judgment, to which plaintiff interposed objections which were filed October 11, 1941, and on the latter date these objections were sustained and the motion to vacate denied.

Much of the record before us concerns defendant's reasons for his failure to answer within the fifteen days granted by the court, and the evidence submitted by plaintiff on the hearing, but in our opinion it is necessary to consider only the legal question advanced by defendant in the third paragraph of his specification of points for reversal, which is as follows: "The trial court committed error in signing the decree annulling the marriage of the plaintiff and defendant without notice of any kind to the defendant, after defendant's appearance had been entered in said cause by the filing of a motion to dismiss the plaintiff's complaint."

Two recent federal cases seem to us to be conclusive

upon the question of giving notice under pertinent rules to a defendant who has appeared in an action and against whom a default judgment is sought. These are, *Commercial Casualty Ins. Co. v. White Line Co.,* 114 F. (2d) 946, and *Hoffman v. New Jersey Federation,* 106 F. (2d) 204. In the latter case, Judge Biddle, speaking for the court, said: "We have noted that the default judgment was entered without notice to the respondent although he had appeared in the action. Since this was a civil action it was subject to the Rules of Civil Procedure. Rule 55 (b) (2), 28 U.S.C.A. following section 723c, with respect to default judgment provides: 'If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.' The respondent received no such notice. The default judgment was, for that reason also, improper."

We hold that the action of the trial court in entering the default judgment on its own motion without the requisite notice to defendant constituted prejudicial, reversible error.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE not participating.