No. 15,637.

HOLMAN *v.* HOLMAN.
(165 P. [2d] 1015)

Decided February 4, 1946.

Mr. GEORGE R. ARMSTRONG, for plaintiff in error.

Mrs. OLLIE HOLMAN, pro se.

*En Banc.*

MR. CHIEF JUSTICE KNOUS delivered the opinion of the court.

AN action for divorce. Plaintiff in error, defendant below, contends the entering of his default and the granting of an interlocutory decree to his wife, defendant in error, were erroneous because of failure to give him notice under Rule 55 (b) (2) R.C.P. Colo., which specifies, inter alia: "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the

application for judgment at least 3 days prior to the hearing on such application."

Chapter 117, S. L. 1945, approved April 4, 1945, relating to procedure in actions for divorce, separate maintenance and annulment and extending the scope of operation therein of the Rules of Civil Procedure beyond that specified in any previous statute, was not in effect when rulings herein in question were made and so their validity must be adjudged on the statutes then in force.

Herein, complaint was filed on May 26, 1944. Summons, with copy of complaint was served on defendant personally on June 29. Defendant appeared and filed motion for bill of particulars on July 29. August 7, plaintiff wife, on her written motion, was granted permission to file an amended complaint, adding a new cause of action, which she did as of that date. Defendant, through his counsel, consented to the amendment, but, in so far as appears from the record submitted, no copy of the amended complaint was receipted for by, or served on, him. August 15 plaintiff noticed defendant counsel of a hearing, on August 19, upon plaintiff's prayer for custody of their two minor children and for contribution for their support "as set forth in the verified complaint." August 19, with both parties appearing in person and by their counsel, the court in accordance with an agreement there reached between them, ordered with respect to the custody of the children and nothing more. On September 7, without any notice to defendant or his attorney, or the appearance of either, the court, with plaintiff and her counsel present, noted the default of defendant and granted and entered an interlocutory decree of divorce to plaintiff. It is undisputed in the record that neither defendant nor his counsel became aware of the last mentioned proceedings until February 19, 1945. On March 6, before the interlocutory decree became final, defendant moved for its vacation and asked leave to further plead

on the merits. The motion was denied and such led to the present review.

■ If Rule 55 (b) (2), supra, is applicable in divorce actions, it seems certain that in the circumstances detailed above, the trial court erred in entering the interlocutory decree without notice to defendant. This should be clear from the language of the rule, and is made positive by our decision in *Emerick v. Emerick,* 110 Colo. 52, 129 P. (2d) 908, a proceeding for the annulment of a marriage, wherein we held that where defendant had appeared by filing a motion to dismiss, which, however, had been denied in course, a default judgment entered against him without the giving of the three-day notice required by the rule in discussion, was erroneous and constituted reversible error.

Our Rules of Civil Procedure provide that such "do not govern procedure and practice in actions in divorce or separate maintenance in so far as they are inconsistent or in conflict with the procedure and practice provided by the present applicable statutes." R.C.P. Colo., rule 81 (b). Construing this subdivision in *Myers v. Myers,* 110 Colo. 412, 135 P. (2d) 235, we said, at page 415 of the opinion: " * * * where the divorce statutes are silent as to any method of procedure the rules [R.C.P. Colo.] govern." There, we specifically held that Rule 15 (a), giving the adverse party ten days after the service of notice of amendment to plead to the amended pleading, applied in a proceeding for divorce, and that where plaintiff had been permitted to amend her complaint by the insertion of a jurisdictional averment without notice to defendant, it was error for the court to deny the latter's motion—interposed before the interlocutory decree became final—to set aside the decree and permit him to answer.

Disclosing the same objective expressed by Rule 81 (b), supra, section 3, chapter 56, '35 C.S.A. of our divorce acts, affirmatively declares that thereunder "the process, practice and proceedings shall be had in

such cases as are usually had in other civil cases, and in accordance with the requirements of the Code of Civil Procedure, except as expressly modified or otherwise provided in this article." Presently, of course, the Code is supplanted by the Rules of Civil Procedure.

It is elementary that the default of a defendant in a divorce action does not possess the significance which attaches in an ordinary civil action. The interest of the public in divorce cases, including the possibility of collusive arrangements therein, is such that a divorce may not be granted on a judgment by default without proof of a cause for divorce. Without reference to which of the two controlled (see, *Shaff v. Shaff,* 72 Colo. 184, 186, 210 Pac. 400; XXI Dicta No. 3, p. 68), section 9, c. 56, '35 C.S.A. (S.L. '93, p. 238, §5) and section 10, c. 56, '35 C.S.A. (S.L. '17, p. 182 §8), effective at the times involved herein, both so contemplated. However, in neither of said sections was there any procedural requirement "inconsistent or in conflict with" Rule 55 (b) (2), supra. In fact, examination shows that on the subject of the latter both are silent. In the light of the foregoing, we are of the opinion that Rule 55 (b) (2) is applicable in divorce actions, and that because of its nonobservance herein the judgment must be reversed.

This conclusion is further impelled by the close affinity established by legislative enactment in this state between the procedure in actions for divorce and annulment of marriages, in the latter of which we already have declared Rule 55 (b) (2) must be followed. *Emerick v. Emerick, supra.* Thus, section 35, chapter 56, '35 C.S.A. provides that a cause of action for annulment may be joined with one of divorce and either relief, as appears proper, may be awarded in the combined cause, and section 37 of the same chapter specifies that the "form of process and the manner and method of service thereof" shall be the same in annulment actions as in those for divorce.

Considering these permissible interrelations, a deci-

sion contrary to our present pronouncement obviously would create an intolerable conflict between the procedure in an action for annulment alone (*Emerick v. Emerick, supra*), and one in which causes of action for annulment and divorce are joined as permitted by section 35, chapter 56, supra.

Rule 5 (a), R.C.P. Colo., providing that: "No service need be made on parties in default for failure to appear * * * " is without pertinence here, since Rule 55 (b) (2), as an express exception, clearly requires the giving of notice of application for judgment to one who has appeared, even though he may be *in default* at the time.

The judgment is reversed and the cause remanded with directions that the interlocutory decree be vacated and defendant be allowed to answer within such proper time as may be fixed by the court.