No. 22027.

THE CIVIL SERVICE COMMISSION OF THE STATE OF
COLORADO *v.* CORTLANDT E. DOYLE.
(424 P.2d 368)

Decided February 27, 1967.

1

2

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for plaintiff in error.

SAMUEL J. EATON, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE plaintiff in error was the defendant in the trial court and will be referred to herein as the Commission. The defendant in error was the plaintiff, and will be referred to herein as Doyle.

Doyle was an employee of the Industrial Commission, which filed charges against him on February 9, 1965 before the Commission. He was thereupon suspended pending determination of the charges, which alleged he struck a fellow employee in anger, struck other employees, and had failed to conduct himself in a manner consistent with good personnel practices. A hearing was held before the Commission on April 12, 1965, and on April 26 the Commission upheld the dismissal and terminated Doyle's services as of 8:00 A.M. February 9, 1965.

Doyle thereupon sought judicial review by the filing of a complaint in the lower court. Upon Doyle's application, an order was entered by the lower court, directing the Commission to show cause within 20 days of the receipt of such order why its order should not be vacated, and also directing the Commission to lodge with the court within 30 days a record of the admin-

istrative proceedings held before the Commission. An answer and a return to the order to show cause were filed by the Commission, thereby placing in issue the material allegations of the complaint, to wit, that the Commission exceeded its jurisdiction and abused its discretion in terminating Doyle's services.

The court, on the Commission's motion, extended the time for filing the record of administrative proceedings to August 16, 1965; however, the record was not filed by the Commission on or before that date. On August 27, 1965 Doyle filed with the court a motion for default judgment on the ground that the Commission had failed to lodge the record of administrative proceedings and that the trial court had nothing to review, in accordance with R.C.P. Colo. 106(a)(4). Thereafter, on September 14, 1965, the Commission filed a motion for extension of time nunc pro tunc from August 16, 1965 until such time as the court would grant or rule on such motion. Two days later, on September 16, 1965, the record of administrative proceedings, including a transcript of the testimony before the Commission, was lodged with the court.

On September 21, 1965 the court held a hearing on Doyle's motion for default judgment and also — but this is not entirely clear — on the Commission's motion for enlargement of time within which to file the administrative record. Before ruling, the Commission was permitted by the court to make an offer of proof that the reason the record of administrative proceedings was not filed on time was that the reporter at the Commission's hearing had been missing from his job since the early part of August 1965; that the reporter was being sought by the police in connection with a criminal investigation; that the Commission did not request on or before August 16, 1965 an extension of time because it was not known whether the reporter would ever return; that shortly after the early part of September 1965 the reporter did return and that he then

produced the transcript of testimony. Thereafter, on September 16, 1965, the record of administrative proceedings was filed with the court.

The court indicated that this was not excusable neglect for failure to make a timely motion on or before August 16, 1965 for an extension of time. It thereupon ruled favorably on Doyle's motion for default judgment, without making any exploration into the record of administrative proceedings which the court then had in its file, to determine the merits of the complaint or entitlement to judgment, although this was clearly in issue, since the Commission had filed its answer and had further replied to the show cause order issued by the court.

A default judgment was thereupon entered by the lower court in favor of Doyle, and the relief as sought by Doyle's complaint was granted. The court ordered that the Commission's ruling upholding Doyle's dismissal as principal clerk by the Industrial Commission be vacated and that the charges filed against Doyle by the Industrial Commission be dismissed. Further, the Commission was ordered to reinstate Doyle to his former position and to award him all his back pay and rights of employment, including all rights of sick leave and vacation as of the date of his suspension. On application for supersedeas, execution of the lower court's judgment was stayed pending determination of the Commission's writ of error.

The Commission seeks reversal essentially on the contention that the lower court abused its discretion and failed to fulfill its function under the statute and the Colorado Rules of Civil Procedure by granting Doyle's motion for default judgment, by entering judgment thereon, and thereafter by failing to grant the Commission's motion to set aside the default judgment.

This is a certiorari type action which is governed by and brought pursuant to R.C.P. Colo. 106 (a) (4), which

provides that relief may be obtained in the district court by appropriate action where:

". . . an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion."

 This court has repeatedly held that the authority of the court and the scope of its review in certiorari proceedings is limited to a determination of whether there is any competent evidence to support the decision of the inferior tribunal. *State Civil Service Commission v. Hazlett*, 119 Colo. 173, 201 P.2d 616. This determination is made upon examination of the record of administrative proceedings, including a transcript of the testimony and other evidence before the inferior tribunal. Despite having before it the record of the administrative proceedings, the lower court nevertheless entered judgment without considering this. Rather, the lower court, in its "Judgment and Decree" granting Doyle the relief prayed for in his complaint, based its determination upon the following quoted paragraphs:

"That the Defendant's failure to file the Transcript of Proceedings within the time required by this Court, placed the Defendant in default.

"That the Defendant produced no testimony to establish excusable neglect, and the offer of proof made by counsel of excusable neglect for failure to acquire an extension of time is determined by this Court not to constitute excusable neglect for failure to comply with the rules of this Court and the Colorado Rules of Civil Procedure, and this Court specifically so finds.

"That without the Transcript of Proceedings before this Court and the entry of default herein, there is nothing for this Court to review, and the Court finds that the Motion of Plaintiff for default judgment should be granted and that the relief prayed for in the Complaint should be granted."

It is of significance to point out that in this "Judgment and Decree," although on the one hand the court states that without the record of administrative proceedings there is nothing for it to review, yet on the other hand at the conclusion of the "Judgment and Decree" the court states: "It is further ordered, by specific request of the attorney for the Defendant herein, that upon the signing of this Judgment and Decree, the Defendant may withdraw as an exhibit in this case, its Transcript of Proceedings before the Defendant, Civil Service Commission of the State of Colorado."

Presumably, the court engaged in the fiction that, since the record of administrative proceedings was filed late, it did not exist.

The entry of a default judgment under the facts of this case is governed by R.C.P. Colo. 55 (b)(2) as follows:

"(b) Judgment. Judgment by default may be entered as follows:

\* \* \*

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad

litem, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper."

We have searched the record on error carefully and find no compliance with the mandate of this rule regarding a 3-day written notice of the application for judgment to be served on the Commission or its representative. Although this is not specifically assigned as error, nevertheless it is cogent when considering the question of whether the court had the authority to enter the default judgment and also whether it exceeded its jurisdiction in doing so. The requirements of this rule have been fastidiously adhered to by this court. *Salter v. Commissioners*, 126 Colo. 39, 246 P.2d 890; *Holman v. Holman*, 114 Colo. 437, 165 P.2d 1015; *Emerick v. Emerick*, 110 Colo. 52, 129 P.2d 908.

This adherence reflects the fact that default judgments — particularly in those actions where the defendant has answered and the case is at issue — are serious and drastic. The ramifications which may ensue may cause loss of time and expense of courts and litigants and, possibly, the denial of inherent rights. It further points up the requirement that before a court enters a default judgment where a defendant has appeared, the requirements of this rule as well as the grounds urged for a default judgment must be considered with utmost care.

We will now direct our discussion to the sufficiency

of the ground upon which the lower court entered the default judgment.

An analysis of this disposition by the trial court requires a consideration of whether, within the context of this case, the question of excusable neglect, if any, should have been the only material factor considered by the lower court. It is evident from the colloquy between court and counsel that the court accorded it great materiality. The excusable neglect the court was concerned with applied to the failure of the Commission to request of the court an extension of time to file the record of administrative proceedings on or before August 16, 1965, the date it was due. At the time of the lower court's hearing on September 21, 1965, this record was before the court, having been lodged September 16, 1965. It therefore follows that the court's concern that no record had been lodged was moot. There is no question about the fact that the lodging of the record was late. Under the facts of the case, if the court believed that there was no reasonable excuse for failure of the Commission to make a timely motion for enlargement of time, it surely had the right to so hold and appropriately reprimand counsel. But when it granted the motion of Doyle for a default judgment on this ground and for this reason, the court exceeded its discretion and authority. The fact is that Doyle, in his motion for default judgment, set forth only one ground and that is, that there was no record of administrative proceedings filed as ordered by the court and that the court consequently had nothing to review. On the date of the hearing on Doyle's motion for default judgment, this argument had completely lost its efficacy.

Accordingly, we hold that the lower court erred in granting the motion for default judgment and entering judgment thereon.

Since the lower court permitted the Commission's attorney to withdraw the record of administrative proceedings, the Commission's attorney is directed to re-

file this record with the lower court forthwith, and the court is instructed to proceed promptly with its determination.

Judgment reversed and cause remanded with directions.

MR. JUSTICE DAY not participating.