OPINION OF THE COURT
Kristin Booth Glen, J.
This case is one of the more than 132,000 consumer credit defaults that will pass through the Civil Court this year.[1] In each of these cases, the judgment debtor is entitled to additional notice prior to the entry of the default under a barely recognized section of the CPLR — the undesignated paragraph of CPLR 308.[2] It has come to this court’s attention that the creditors’ Bar regularly neglects its obligations under CPLR 308, as the instant motion demonstrates. This opinion is published with the hope that the Bench and Bar will note and adhere to the protections afforded to consumer creditor defendants which are discussed below. Because plaintiff failed to comply with the statutory requirements, its motion for the entry of a default judgment is denied.
The undesignated paragraph of CPLR 308 was added by the Legislature in 1977 “to afford extra protection to defendants in debt collection cases. See Improper Collection Practices, 23 Record of the Association of the Bar of the *529 City of New York 441 (June, 1968).” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:7, 1982-1983 Pocket Part, p 144.) This extra measure of protection was prompted by mounting evidence that default judgments were being entered regularly against unwitting consumer defendants who, because of “sewer service” were deprived of their notice and opportunity to be heard.
The Legislature’s solution to this problem was to add two procedural requirements. The amendment of CPLR 308 mandates that in order to obtain a default against a natural person for nonpayment of a contractual obligation, (1) a copy of the summons must be mailed by first class mail to the defendant at his/her last known address, 20 days prior to the entry of the default, and (2) the mailing must be performed by plaintiff or plaintiff’s attorney and not a process server. The intention of the latter requirement “was to increase the chances that the defendant would receive official notice of the action against him.” (Opns Atty Gen, Feb. 14, 1978.) The section thereby insures that the defendant has a chance to respond before the default is entered and dire consequences such as garnisheed paychecks result.[3]
Despite the significant due process implication of CPLR 308, compliance has been sporadic at best. In this case plaintiff American Express commenced a consumer credit action by alleged service of a summons and complaint on November 26, 1979. Defendant failed to appear and on September 1, 1983, American Express moved for a default judgment for in excess of $6,500 on the retail credit installment agreement alleged in the complaint. However, plaintiff ignored the additional notice requirements of CPLR 308 and, not surprisingly, defendant defaulted.
Accordingly, this court is without jurisdiction to enter a default judgment and plaintiff’s motion is denied for failure to comply with CPLR 308. The motion may be renewed before the Judge then sitting in Special Term, Part II, upon proof of the requisite mailings.

. In 1981, nearly 250,000 consumer credit transaction summonses were filed in the Civil Court of the City of New York. For every 100 summonses, there were 53 defaults. (Report of Community Service Society in Cooperation with Office of Robert Abrams, Attorney-General of the State of New York, Revisiting the Default Debtor: A Study of the Role of the Civil Court in Consumer Credit Disputes, at p 5.)

. That section states in relevant part: “[I]n an action against a natural person based upon nonpayment of any contractual obligation additional notice must be given by the plaintiff or the attorney for the plaintiff, at least twenty days prior to the entry of any default judgment, by mailing a copy of the summons by first class mail to the defendant at his last known residence address”. (CPLR 308.)

. The study cited in n 1 (supra) recommends that the plaintiff or attorney also be required to send a notice advising the consumer that this is the “last chance” to defend so that the consumer does not consider it to be merely one more dunning notice.